**Rio Raymond TAMENGKEL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70055.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 20, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Rio Raymond Tamengkel, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his applica-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The IJ denied Tamengkel's asylum application as time barred. Tamengkel does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's denial of withholding of removal because Tamengkel did not experience any problems in the past, and even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, Tamengkel failed to demonstrate that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Furthermore, Tamengkel has not shown a clear probability of persecution due to his marriage to a Muslim woman. *See Faruk v. Ashcroft,* 378 F.3d 940, 944 (9th Cir.2004).

Substantial evidence supports the IJ's denial of CAT relief because Tamengkel failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.